**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **KADEEM NOLAND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 20-cv-001305-JPG** |
| | ) | |
| **C/O SHANE and** | ) | |
| **CAPTAIN FRANKE** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM & ORDER**

**GILBERT, District Judge:**

Plaintiff Kadeem Noland, a former detainee at Alton Law Enforcement Center ("Jail"),[1] brings this action pursuant to 42 U.S.C. § 1983 for constitutional deprivations that occurred during his detention at the Jail. (Doc. 1). In the Complaint, Plaintiff claims that C/O Shane responded to his request for mental health treatment by shooting him with a taser. (*Id*. at 6-7). He brings claims against C/O Shane and Captain Franke for violations of his rights under the Fourteenth and/or Eighth Amendments. (*Id*.). Plaintiff seeks money damages. (*Id*. at 8).

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

---

[1] At the time of filing his Complaint, Plaintiff was housed at Alton Law Enforcement Center. (Doc. 1). However, he has since updated his address to Madison County Jail. (Doc. 9).

**The Complaint**

Plaintiff makes the following allegations in the Complaint (Doc. 1, pp. 6-7): Plaintiff has a well-documented history of depression and ADHD.  On November 13, 2020, he requested mental health treatment by leaning through his cell's food port hatch and asking C/O Shane for access to a crisis counselor.  (*Id*. at 6).  At the time, the officer was passing out dinner trays.

C/O Shane ordered Plaintiff to remove his hand from the food port hatch and place it back inside the cell.  Before giving Plaintiff time to respond, C/O Shane removed his taser from his belt, used it to stun Plaintiff, and then shot him at "point blank range."  (*Id*.).  The taser prongs became embedded in the bones of Plaintiff's hand.  He was taken to a hospital for surgical extraction of the prongs.  At the time of the incident, Plaintiff was secure in his cell and posed no threat to the officer.  (*Id*.).

Plaintiff blames Captain Franke for encouraging his subordinates to use tasers to respond to "low level, non-threatening disturbances."  (*Id*. at 7).  He claims that this practice is evidenced by the captain's response to his grievance, in which he states:

Detainee Noland,

Your request for $2 million is denied. Your 8th Amendment rights were not violated and your actions led to this incident.  You refused to move your hand from the food port and caused a disruption to the jail operations, which is against the rules.  When I was talking to you prior to this incident, you attempted to prevent me from closing your food port as well, so your mindset was clear.  You had no intention of removing your hand and thus necessary force was used to gain compliance.

(*Id*. at 11).

## Discussion

Based on the allegations, the Court finds it convenient to designate the following counts in the *pro se* Complaint:

**Count 1:** Fourteenth and/or Eighth Amendment claim against Defendant Shane for subjecting Plaintiff to the unauthorized use of force on November 13, 2020.

**Count 2**: Fourteenth and/or Eighth Amendment claim against Defendant Franke for encouraging his subordinates to respond to low level, non-threatening disturbances with tasers.

**Count 3:** Fourteenth and/or Eighth Amendment claim against Defendant Shane for denying Plaintiff access to a mental health crisis counselor when he reported psychological distress associated with his well-documented depression and/or ADHD on November 13, 2020.

**Any claim in the Complaint that is not addressed herein should be considered dismissed without prejudice as inadequately pled under *Twombly*.**[2]

The applicable legal standard for all three claims depends on Plaintiff's legal status at the time of the events giving rise to this action. If he was a pretrial detainee, his claims are governed by the Fourteenth Amendment Due Process Clause, which prohibits all forms of punishment. U.S. CONST. amend. XIV. If he was a convicted prisoner, his claims are governed by the Eighth Amendment prohibition against cruel and unusual punishment. U.S. CONST. amend. VIII. Because Plaintiff refers to both the Fourteenth and Eighth Amendment, it is unclear which standard governs his claims. Regardless, the outcome of his claims at screening is unaffected by the legal standard.

### Count 1

A pretrial detainee bringing an excessive force claim under the Fourteenth Amendment Due Process Clause must show that the force that was knowingly used against him was also

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

objectively unreasonable. *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). A prisoner pursuing an excessive force claim under the Eighth Amendment Cruel and Unusual Punishment Clause must show that the force was applied "maliciously and sadistically." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). The allegations suggest that C/O Shane used force that may have been excessive under both standards. Count 1 shall receive further review against this defendant.

## Count 2

Personal involvement in a constitutional deprivation is required when bringing a Section 1983 claim. *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015). When excessive force is at issue, a state actor may be liable where he had reason to know that excessive force was being used and he had an opportunity to intervene to prevent the harm from occurring but failed to do so. *See Jones v. Hadsall*, 215 F.3d 1330 (7th Cir. 2000) (unpublished) (citing *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 477 (7th Cir. 1997)). "Omissions as well as actions may violate civil rights." *Lanigan*, 110 F.3d at 477 (quotation marks and citation omitted).

Plaintiff does not allege that Captain Franke had any personal involvement in the taser incident. The captain was not present during the incident or aware that it occurred until afterward. Captain Franke had no knowledge or opportunity to intervene and prevent the harm to Plaintiff. He simply denied Plaintiff's grievance. The grievance response reflects no actual involvement in the constitutional deprivation. And, contrary to Plaintiff's claim, it also reflects no policy, custom, or widespread practice of using tasers to address low level threats at the Jail. The response addresses a single incident. Because Captain Franke was not involved in the underlying incident, Count 2 shall be dismissed without prejudice against the captain regardless of the applicable legal standard.

**Count 3**

In order to articulate a claim for the denial of mental health care under the Fourteenth Amendment, the plaintiff must set forth allegations suggesting that the defendant "acted purposefully, knowingly, or perhaps even recklessly when [he] considered the consequences of [his] handling of [Plaintiff's] case" and also show that the challenged conduct was objectively unreasonable. *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018). To proceed with this claim under the Eighth Amendment, the plaintiff must set forth factual allegations suggesting that he suffered from a sufficiently serious medical condition, from an objective standpoint, and that each defendant responded with deliberate indifference, from a subjective standpoint. *Farmer v. Brennan*, 511 U.S. 825, 834, 837 (1994); *Hayes v. Snyder*, 546 F.3d 516, 522 (7th Cir. 2008). According to the Complaint, C/O Shane responded to Plaintiff's request for a crisis counselor by shooting him with a taser. These allegations support a claim against C/O Shane under both standards. Count 3 shall receive further review against this defendant.

**<u>Disposition</u>**

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening under 28 U.S.C. § 1915A. **COUNTS 1** and **3** will proceed against **C/O SHANE**. **COUNT 2** is **DISMISSED** without prejudice against **CAPTAIN FRANKE** for failure to state a claim for relief against this defendant. **<u>Because this suit addresses one or more medical claims, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.</u>**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **FRANKE**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to Defendant's place of employment as identified by

Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply under 42 U.S.C. § 1997e(g).  **Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order**.

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/22/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

### Notice

    The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint.  After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint.  It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more.  When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions.  Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.